## SUPREME COURT — SPECIAL TERM — NEW YORK.

### January, 1923.

## THE PEOPLE v. E. BROMLEY RODGERS ET AL.

(120 Misc. 166.)

(1) GRAND LARCENY—REASONABLE DOUBT.

On a prosecution for grand larceny in the second degree the evidence was sufficient to warrant the jury in finding, beyond reasonable doubt, that the defendant by false representations had induced one G. to purchase stock in a certain corporation of which defendant was its chief stockholder. Upon a motion for a certificate of reasonable doubt as to whether the judgment of conviction should stand, held: .

(2) SAME.

That testimony of the complainant that he was present when other persons paid money to defendant for stock under a similar agreement as that with the witness, admitted over objection, was properly received under the rule that upon the trial of an indictment for obtaining money by false pretenses, the allegation that they were made with

intent to defraud, may be proved by transactions with other persons which tend to show a fraudulent scheme to obtain property by devices similar to those practiced upon the complainant, provided the dealings are sufficiently connected in point of time and character to authorize an inference that the transaction with G. was in pursuance of the same general purpose.

(3) SAME.

A charge to the jury, ''that is for you to determine in the light of your experience and common sense, your knowledge of human nature, and so forth, and make up your minds whether this stock was sold to this complainant by means of false representations or not,'' was not erroneous.

(4) SAME—CHARGE TO JURY.

Even if a charge that ''transactions with the other workingmen are only admitted in evidence for the light they may throw'' on defendant's transaction with G., could be interpreted to have created the impression that defendant made similar fraudulent representations to a number of other workingmen, the charge was not erroneous, there being evidence to warrant the same.

(5) SAME—COLLOQUY BETWEEN DEFENDANT AND JURY.

A colloquy between defendant and one of the jurors considered and deemed not a ground for reversal, particularly as the record fails to show that at the time counsel for defendant raised any objection or made any request as to the matter.

APPLICATION by the defendant Rodgers for a certificate of reasonable doubt, after conviction in the Court of General Sessions of the Peace in and for the city and county of New York on October 24, 1922, of the crime of grand larceny in the second degree.

*Joab H. Banton, District Attorney (Robert D. Petty, of counsel), for plaintiff.*

*Kisselburgh & Egan (W. E. Kisselburgh, Jr., of counsel), for defendant.*

GIEGERICH, J.:

The defendant, who has been found guilty of the crime of grand larceny in the second degree, applies for a certificate of

reasonable doubt.   I have examined all the grounds urged on behalf of the application with painstaking care and will briefly discuss them in detail.   I do not agree with the defendant's counsel that the verdict is against the weight of evidence.   On the contrary, there is, in my opinion, sufficient evidence in the case which warranted the jury in finding that the charge that the defendant had induced one Griktos to purchase stock in a certain corporation, of which he was the chief stockholder, by means of false representations was established beyond a reasonable doubt.   There was no error committed in allowing, over the defendant's objection, the following questions put to the complaining witness:   " Q. Were you there at any time when other people paid over money to Rodgers for stock under a similar agreement to your own ? "   The witness answered yes and the evidence was properly received under the rule that on the trial of an indictment for obtaining property by false representations or pretenses, the allegation that they were made with an intent to defraud may be proved by transactions with other parties which tend to show a fraudulent scheme to obtain property by devices similar to those practiced upon the complainant, provided the dealings are sufficiently connected in point of time and character to authorize an inference that the transaction was in pursuance of the same general purpose. (Mayer v. People, 80 N. Y. 364; People v. Shulman, Id. 373; People v. Marrin, 205 id. 275, 283.)   I am also of the opinion that the trial judge did not commit error in charging the jury " that is for you to determine in the light of your experience and common sense, your knowledge of human nature, and so forth, and make up your minds whether this stock was sold to this complainant by means of false representations or not." (1 Moore Facts, § 4, pp. 7, 8; 2 Id. § 678, pp. 734–736.) The defendant's counsel contends that because the court in its charge to the jury stated " other transactions with the other workingmen are only admitted in evidence for the light they may throw on his transaction with Griktos " it created the

impression that the defendant made similar fraudulent representations to a number of other workingmen. The assistant district attorney, on the other hand, advances the argument that the charge is not susceptible of any such implication. I am of the opinion, however, that even if the charge was subject to such an interpretation there was, nevertheless, evidence to warrant the instruction. After the direct examination of the defendant the ninth juror asked the defendant as to his practical experience in mechanical engineering. The defendant stated that he had such experience in Japan. Then the record contains the following: " Q. Where did you do that work, that experimental work? A. In a small factory in Hommoku, of which I was part owner. Q. I have been in Japan and I know that place very well, and I know of no factory there. A. This is the factory of Ito, Ito the casting man. I have a contract with Ito. If his Honor will allow me to put that contract in evidence I will be glad to show you it." The defendant's counsel claims that such colloquy between the juror and the defendant had a very prejudicial effect against the latter and probably induced the jury to reject his entire testimony. It would appear, however, that the ninth juror simply stated that he knew of no such factory, and the defendant explained the location of the factory. Under these circumstances it is difficult to see how the foregoing colloquy could be ground for reversal. Moreover, the record fails to show that the counsel who then represented the defendant made any request or objection at the trial as to this matter. The complaining witness stated that the place where the motor was being made was a machine shop, and upon being asked the question, " Was it? " answered, " But not for an automobile machine." The defendant's counsel moved to strike out such reply on the ground that it was not responsive and that the question called for a conclusion, which motion was denied. The defendant's counsel insists that such ruling was erroneous. I do not agree with him, but even if it was the evidence seems to be harmless in view of all

the circumstances of the case.    As I have no doubt that the judgment should stand, the application for a certificate of reasonable doubt must be denied and the stay vacated.    Settle order on notice.

Ordered accordingly.